■ In the Matter of the Estate of ANNA OZOLINS, Deceased. AUSMA SILINS, Respondent; ROBERT OZOLINS, Appellant. (Appeal No. 3.)—Order unanimously affirmed, with costs. Memorandum: We find no evidence that the default was excusable and the motion to vacate was properly denied. (Appeal from order of Onondaga County Surrogate's Court—vacate decree.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.

■ RICHARD L. JANIK, Respondent, v ERIE LACKAWANNA RAILWAY COMPANY, Appellant.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: On this appeal defendant contends that plaintiff should be precluded from offering at trial testimony and medical reports of plaintiff's specialist, Dr. Perese, or in the alternative, that it should be allowed a second physical examination of plaintiff. Defendant asserts that it was not properly served with a medical report by Dr. Perese containing evidence of "further or subsequently discovered injuries" pursuant to subdivision (e) of section 1024.25 of the Rules of the Supreme Court, Appellate Division, Fourth Department. (22 NYCRR 1024.25 [e].) Plaintiff contends that the report of Dr. Perese does not show a further subsequent injury sufficient to trigger the preclusion remedy of 22 NYCRR 1024.25 (g). Inasmuch as a prior physical examination by defendant's specialist is now over four years old, defendant should be allowed a second physical examination of plaintiff (see *Conforti v Central School Dist. No. 3 of Towns of Lloyd, Marlboro, New Paltz and Esopus,* 284 App Div 1084). (Appeal from order of Erie Supreme Court—discovery, etc.) Present—Moule, J. P., Cardamone, Simons, Dillon, and Hancock, Jr., JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. MONTGOMERY, Appellant.—Judgment unanimously reversed, sentence vacated and case remitted to Herkimer County Court for further proceedings in accordance with the following memorandum: In accordance with the agreement entered into between the prosecutor and the defendant, concurred in by the court prior to entry of defendant's plea of guilty, any minimum sentence imposed on defendant should not have exceeded two and a half years. If on resentencing the court contemplates imposing a minimum sentence in excess of that period, defendant upon application to the court should be permitted to withdraw his plea of guilty. (Appeal from judgment of Herkimer County Court—burglary, first degree, and another charge.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT QUAGLIANA, Appellant.—Judgment unanimously affirmed. (See *People v Leone,* 44 NY2d 315.) (Appeal from judgment of Erie Supreme Court—criminal contempt, first degree.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.